IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY ADAM JOHNSON,

    Petitioner,

v.                                      Civil Action No. 3:11CV637

DIRECTOR OF DOC,

    Respondent.

**MEMORANDUM OPINION**

Jeffrey Adam Johnson, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Portsmouth, Virginia ("Circuit Court"). Respondent has moved to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Johnson has not responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

Johnson pled guilty to armed common law burglary, malicious wounding, and two counts of use of a firearm in the commission of those felonies. On April 2, 2008, the Circuit Court entered the final judgment with respect to those convictions and sentenced Johnson to a ten-year active term of imprisonment. Johnson did not appeal.

On March 31, 2010, Johnson submitted a petition for a writ of habeas corpus to the Supreme Court of Virginia.[1] On June 28, 2011, the Supreme Court of Virginia denied Johnson's petition for a writ of habeas corpus.

On September 19, 2011, Johnson filed his § 2254 Petition in this Court. (§ 2254 Pet. 15.)[2] In the § 2254 Petition, Johnson contends entitlement to relief upon the following ground: "Denial of effective assistance of counsel, plea of guilty [not] knowingly and voluntarily made because based on misadvise of counsel." (Id. at 6 (capitalization corrected).)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Johnson's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[1] The Supreme Court of Virginia stamped the petition received on April 21, 2010.

[2] The Court deems the petition filed on the date Johnson swears he placed the petition in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

2

1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement of the Statute of Limitations**

Johnson's judgment became final on Thursday, May 1, 2008, when the time to file a notice of appeal expired. <u>Hill v.</u>

Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (West 2008) (requiring a notice of appeal to be filed "within 30 days after entry of final judgment"). Therefore, Johnson had until Friday, May 1, 2009 to file his § 2254 Petition. Because Johnson did not file any habeas petition, state or federal, until well after that date, the statute of limitations bars Johnson's current § 2254 Petition.[3]

Respondent's Motion to Dismiss (Docket No. 4) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

[3] Neither Johnson nor the record suggests any basis for equitable tolling or a belated commencement of the limitation period.

4

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Johnson is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Johnson and counsel for Respondent.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 11, 2012